Good morning, Your Honor. Tony Farmani on behalf of the appellant, Rennie Hurtado. Your Honor, this case is about the application of Cunningham, which basically followed the Supreme Court's decisions in Blakely and Apprendi. What happened in this case is that Mr. Hurtado received a 14-year sentence, which were upper terms, when he should have actually received only seven years. There's no question that on the California law, the middle term, which would have been seven years again here, was the sentence that was supported by the jury's verdict. What the trial court did here, decided four factors, and then enhanced the sentence to 14 years. Counsel, let me just say the problem I have with your case, it's hard to see whether it is clearly established that the prior conviction exception should not apply to cases such as your client's, when amended res torres is still in the books. That's correct, Your Honor. But when you look at the cases that have been decided after torres, then you realize that, in fact, amended res torres doesn't cover the prior conviction exception as far as the State Court of Appeal interpreted it. The prior conviction exception is the fact of the conviction. For example, if you were convicted of a robbery in 1994 and you're being sentenced in 2008, then the fact that you were convicted of a robbery can be used to enhance your sentence. But that's about it. That's as far as the fact of the prior conviction. You can't look at the kind of sentence that you received? You can't make a qualitative analysis. I think you would end it right there. And there's plenty of cases decided by this very court that says just that. The real question is whether or not, I mean, the cases that have come out after those cases in the same court that said, you know, we agree that, for example, juvenile adjudications cannot be used to support an enhanced sentence because they weren't entitled to a jury trial, and juvenile adjudications are not criminal convictions. However, the court has said because there's no Supreme Court case right on point, then it's not clearly established. But I beg to differ, Your Honor, because when I've read the Supreme Court cases, I think they're very clear. In order for a conviction to be able to be used, a prior conviction to be able to be used, it has to have a jury trial. But that's only one of the four findings that the court made here. And as I understand it, we only need one of them to be valid. Do you agree with that? I would disagree with that as well, Your Honor. And I tell you, one of the four factors. You say you do or you don't agree? I don't agree. You don't agree. I think a single valid factor doesn't apply here in any event. And I can explain why. Okay, I hope you will. The four factors here, one of them is a non-issue. The crime involved threat of great bodily harm and high degree of necessity. Okay, let's say that one doesn't work. How about numerosity and the seriousness of the prior convictions? Why was that not, those findings, why were those not valid? Well, the court has already held in United States v. Court Guard that you can't use that. You can't make that qualitative analysis. How about Almendrez-Torres v. U.S.? We never talked about that. What's qualitative about numerosity? The numerosity. We're just counting the number of prior convictions. Even if you were to count the number of prior convictions, you would only have two in this case. And under California law, as a matter of California law, you need more than two in order for it to be numerous. How about the parole status finding? That again, Your Honor, in Butler v. Curry, this court has held that being on parole is not something that falls within the prior conviction exception. Well, you've got a problem under AEDPA, don't you? That's correct. I mean, this has got to be contrary to, you know, Supreme Court law. And what Supreme Court cases are you citing to substantiate your position? Well, there is an exact Supreme Court case on point that says you can't use parole. Isn't that fatal to your position under AEDPA? Well, it would be if you were – We didn't have to follow AEDPA. I'm sorry? It wouldn't be if we didn't have to follow AEDPA, perhaps. But since we have to follow AEDPA, isn't that a problem for you? It's a problem only if you interpret AEDPA to require an actual precedent on point. Well, isn't that what the case law makes very clear we have to do? If that's the case, then every single factor would have to go up to the U.S. Supreme Court. No, but we can't grant relief unless the Supreme Court has ruled on that. I think that's a very restrictive interpretation of AEDPA. Perhaps, but isn't that what the law is right now, whether we like it or not? Well, that's what the law – if you view it that way, there's plenty of cases that don't view it that way. For example, I give you one case, which was Stokes v. Sherrill. And is that a Supreme Court case? That's a Ninth Circuit case. Well, we're talking Supreme Court here because it's AEDPA. That is a habeas case, applying AEDPA. And in that case, although it originated from an Arizona criminal case, there was three factors. One was physical and emotional harm to the victim, previously convicted of felonies within 10 years preceding the date of this offense. And the 1981 convictions are strictly similar to the instant offenses. The court found that at least two of those factors were not covered under prior conviction exception. And then it never went ahead and said, you know, what one of them is. The court said even if one of them falls within the prior conviction exception, the fact that the other two didn't, you're granted habeas relief. So this is a 2006 case, way after enactment of AEDPA, and that's what the court decided. And it seems to be contrary to the other court's decisions, which has said, you know, you need to find a clearly established law. I mean, they said the same thing about driven adjudications. And when you read the Supreme Court opinions on point, there's no doubt that the driven adjudications cannot be used when it has incentives. But at the same time, there is case law in this circuit that says, well, there's no clearly established law. That's right. And you're asking us to overrule our own decision in void. Well, you have overruled. Well, in void, you in a way overruled. No, we didn't overrule, Taigi. We couldn't have. You didn't, but in a way you did, because what you did, the only distinction you made. That's a very engaging argument, but it simply is contrary to our practice. But you are asking us directly to overrule void. Which we cannot do. Which we cannot do. Well, void recognizes driven adjudications cannot be used. It specifically recognizes it as a violation of your constitutional right to a jury trial. Right. But you're now contesting what AEDPA says. The fact that we've said something, the California courts have disagreed with that. That decision will have to go. Then the conflict between the California courts and the Ninth Circuit over that question will have to be resolved by the U.S. Supreme Court. Until that point, there is no clearly established law that provides you a basis for reversal on that ground. Well, I believe the clearly established law says that juvenile adjudications cannot be used. Not clearly established by the Supreme Court, and that's what AEDPA says. Unless you have, what AEDPA means is you need an actual case that comes out and says juvenile adjudications in California cannot be used, cannot fall within the prior conviction exception. I mean, I find that highly doubtful because in every state you probably have different due process rights. For example, there might be a state out there that says juvenile adjudications must be submitted to a jury. Then you have conflicting case law. It depends on the state. In California, you're not entitled to a jury. There's no question about that. Also in California, juvenile adjudications are not criminal convictions. So based on that alone and the U.S. Supreme Court's decisions that have said you need, if you're going to use the prior convictions, that prior conviction must have been obtained the same way as the instant offense, which would have been in a jury trial. And that's not what happened here. Clearly that's not what happened here. So I think each of the factors are not going to be, are not going to fall within the prior conviction exception. And even if one of them did and you were to apply the single valid factor, that would be unconstitutional for the reason I stated. You're saying Butler's unconstitutional. I think Butler, I don't want to say that the Court made a mistake. The Butler is not unconstitutional. Let's say the Court did make a mistake. We're still bound by it, aren't we? The Supreme Court? No, no, no. We. The Butler is favorable to my case. Well, it says in Butler that if at least one of the aggravating factors on which trial judge relied was established in a manner consistent with the Sixth Amendment, that's all we need to have in order to affirm this sentence. I think that case is directly contrary to the Supreme Court cases, yes. That aspect of the whole. Which Supreme Court case are you reciting? Cunningham. Cunningham. That has nothing whatsoever to do with the one factor issue. If you were to take one factor and apply it instead of doing an analysis, an actual analysis of what the person should, I mean, let's look at it from this perspective. If you're going to give someone an additional seven years, shouldn't the jury have to find facts that would justify that? Well, you're raising an interesting argument. I commend you for that, but it's not what the Supreme Court said in Cunningham. That's what we're bound by, as Judge Bybee has pointed out. We have to follow what the Supreme Court says. If the Supreme Court has not said anything about it, then you have no federal authority you can rely upon to get you past the impediment here. Respectfully, Your Honor, I think the Supreme Court cases are very clear that if you want to enhance a sentence beyond the statutory maximum, which in California law is the middle term, you need to submit those facts to a jury. It's as simple as that, unless they're falling within a prior conviction exception. And the fact of the conviction is what the Supreme Court has said is what matters. It's just a simple fact, not a qualitative analysis, not how many convictions there are. All those factors need to be submitted to the jury. That's my understanding of the Supreme Court cases, although there have been somewhat different interpretations coming out from different circuits. But Cunningham, I think, is very clear, and even before Cunningham, McCrandie, Blakely, they're very clear on that point. I agree with you, Your Honor, that there's no Supreme Court case on a particular juvenile adjudication. I don't think that EDPA requires that. I think EDPA just requires a clearly established law as determined by the U.S. Supreme Court, and we have plenty of cases that say any fact that increases a sentence needs to be submitted to the jury unless it's a fact of prior conviction, and fact is the key word here. Okay. Thank you, Mr. Farmani. You're over your time. Yes. We will hear from the State. Mr. Smith. Good morning. May it please the Court. California Deputy Attorney General Ryan Smith for Respondent David Reynolds. Your Honors, the California court's denial of petitioner's claim was not contrary to or involve an unreasonable application of Supreme Court precedent. The trial court, when imposing the upper term sentence, relied specifically on petitioner's prior convictions, his probationary status, I mean his parole status, and the fact that he performed poorly on parole. This court has specifically said in Butler that the prior conviction exception is valid. This is taken directly from Cunningham. Butler limited the scope, I understand that, to the prior conviction only. But since then, this court has come out, like in Kesey and Boyd, and stated that the fact that things like juvenile adjudications or probationary parole status aren't specifically within the prior conviction exception, the narrow interpretation of it, there's no Supreme Court authority to the contrary. Therefore, the ADEPA, the State's interpretation does not contravene the ADEPA standards. I heard Mr. Farmani say that there were only two convictions that could qualify for a numerosity. But the California Court of Appeals listed four that they said were adult convictions. There are four adult convictions. One of the convictions was used to impose an enhancement for his prior prison term. So under California law, the dual use of that conviction cannot be used. So there still remains three adult convictions. So there were three adult convictions. And does that satisfy California's numerosity rule? Yes, it does, Your Honor. And in California, more than two convictions is considered numerous. You have a case since he said two is not enough. We're up to three now. What would be your California case that three is enough? Excuse me one second, Your Honor. That three is not enough? Is enough. That three is enough? Yes. Excuse me one second. People v. Searle, 213 Calap III, three prior convictions are numerous. Do you want to repeat the site, please? Yes. It is 213 Calap III, 1091 at pinpoint site 1098. Thank you. And Searle is spelled? S-E-A-R-L-E. Thank you. If the court were to find that there was any type of error, any error would be harmless under Breck and applied to Cunningham. It's because this court would have to find that they have a grave doubt that a jury would find one single aggravating factor beyond a reasonable doubt. Here there's uncontested and overwhelming evidence of Petitioner's prior convictions, that he was on parole at the time, so the jury would undoubtedly find those facts beyond a reasonable doubt. The respondent respectfully asks the court to deny the petition and uphold the judgment of the district court. Unless there's any other questions, we'll submit. Thank you, Mr. Smith. Mr. Fermante, you used your time. If there's something in particular that you need to respond to, Mr. Smith, we'll hear from you. Otherwise, I think we understand your argument. All right. Very briefly. Tony Fermante, on behalf of the appellant. Your Honor, number one, there's actually only two convictions here that you could be using. And the reason for that is because the two juvenile pliars, they have to be eliminated for the reasons I stated earlier. The California Court of Appeals, it's what it said, were four adult convictions. The California Court of Appeals, and I've made that argument. Mr. Smith says that one of those doesn't count because it had been previously used, so the Court's only relying on three. When I did the analysis, Your Honor, and I said it in a brief, that the Court's finding was an unreasonable determination of the facts and not of the evidence, which is another part of AEDPA which you can grant relief on. When I do that analysis, I come to two convictions when I strip away the juvenile pliars and the dual use. That's the first part of the ---- Which one of the adult convictions that the California Court of Appeals relied on was an unreasonable finding of facts? Well, the Court of Appeals found four. Right. What I did was I stripped away two jury ---- Which one? Which one? The two juvenile adjudications. I'm sorry. The California Court of Appeals says these are adult criminal history, and it lists four things, 1993, 1994, two convictions in 1995. Which ones are you stripping away? The 1993 narcotics case and the February 1995 evading cases were the pliars for which a sentence in Hansen was imposed under 667.5. One of them was stricken. One of the enhances was stricken. The other one was actually imposed. That's why the sentence is 17 and a half years. So which one do you think should have also have been stricken and constitutes an unreasonable finding of fact by the California courts? Well, after you strip away those two, you only have two. Which one of those? One of those. The State's relying on three, on one of those two. Which one of those is an unreasonable finding of fact by the California Court of Appeals? The State cited four. Right. Two of them was stripped away because of 667.5. Okay. Mr. Smith told us that one of those was stripped away. No. One of them was applied to enhance the sentence. Right. That's the one you disagree with. Which one is it? They're both. Both of them were applied. One of them was stricken. One of them was actually applied so they were both in practically speaking they were both used to enhance the sentence. Well, let's just say hypothetically that we agree with you for purposes of the argument. Well, what about the March 1994 conviction for possession of narcotics, the February 1995 conviction for evading a peace officer, and the June 1995 conviction for inflicting corporal injury on a spouse? What about those? Well, you got the only two usable priors that I have is the 1994 drug possession, 1995 misdemeanor assault, which would have been the assault on the spouse. Okay. What about the conviction for evading a peace officer? Those were the ones that were used for the 667.5. You already talked about the 1993 ones on that. No. I'm talking about both. Because what the Court did on 667.5, the Court can either apply both prior prisons or in its discretion can strike one of them. So what the Court did is applied both but struck one. So they were used. In reality, they were used even though the Court may have stayed one of them. And that's a violation of California law? Yes. The California does not allow one to be used to increase the sentence and another one to be used, the same conviction to be used in its analysis for enhancing it. Okay. Well, you've gone away with one of the two in 1993. But I don't hear you saying anything about the 1995 evasion of a peace officer. I apologize. Maybe I'm not stating it correctly. The April 1993 narcotics case and the February 1995 evading the police case, those two, the Court, they were present priors. They were alleged as present priors in the accusatory pleading. The Court could have added two years to the sentence. The Court elected to only add one. But both of them were. But those were with respect to the 1993, right, just that, not the 1995. The 1995, even though it wasn't actually used to enhance the sentence, the in a way, the Court quasi-used it, for the lack of a better term. That's kind of sophistry, isn't it, Counsel? It's sort of like if you sentence someone and then you say it's concurrent. It's sort of that. It's the same analysis. Great. I give you credit for a creative argument. I have one more point to make, if I may, Your Honor. Yeah. You better sum up quickly. Sure. Just one additional fact. Counsel, Mr. Smith, said that there was no dispute as to the facts. Your Honor, the Court used a probation report to come up with the analysis. That hardly amounts to beyond a reasonable doubt. And that was another factor that was clearly established in Cunningham, and way before Cunningham, in fact, that it has to be beyond a reasonable doubt. And in Shepard, I think it's very clear what the Court said. You can only use certain documents to come up with a fact of prior conviction, the charging document, the plea agreement, and things of that nature. In this case, the Court used a probation opposite report. Okay. Thank you, Your Honor. Thank you very much. I thank counsel for the argument. Mercado's order is submitted. The next case on the oral argument calendar is Martin.
judges: Nelson D. W., Bybee, Smith M.